UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PATRICK A. DAVIS | CIVIL ACTION NO.: 17-CV-01566 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| MID STATE HOMES, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Now before the Court is a Motion for Relief from Judgment filed by Plaintiff Patrick A. Davis ("Plaintiff"), proceeding pro se. [Record Document 41]. The motion is unopposed. For the reasons discussed below, the motion is **DENIED**.

## LAW & ARGUMENT

The Court recently granted a motion to dismiss filed by Defendants Mid State Homes and Green Tree Servicing L.L.C., pursuant to Federal Rule of Civil Procedure 12(b)(6). Record Document 39. Plaintiff's claims were dismissed with prejudice, and the case was closed. Record Document 40. Plaintiff now seeks relief from the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b). Record Document 41-1, p. 4.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. "Rules 59(e) and 60(b) permit the same relief—a change in the judgment." *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986). A motion for relief from judgment is analyzed under Rule 59(e) if it is filed within 28 days of the entry of judgment; otherwise, it is analyzed under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b); *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion

1

within Rule 59(e)'s time limit"). Here, Plaintiff's motion was filed within 28 days from the entry of judgment and will be analyzed under Rule 59(e). *See* Record Documents 40 & 41.

Because altering or amending a judgment is an extraordinary remedy, it must be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). In fact, the Fifth Circuit has noted that the standards for Rule 59(e) favor the denial of such motions. *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Motions under Rule 59(e) are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.... Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479 (internal citations and marks omitted). Motions under Rule 59(e) and 60(b) should not be used to advance arguments already presented or relitigate matters that have been resolved, albeit to the moving party's dissatisfaction. *See S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 566 (E.D. La. 2013); *Jena Band of Choctaw Indians v. Tri–Millennium Corp., Inc.*, 2006 WL 51130, *1 (W.D. La. Jan. 9, 2006). Reconsideration of a prior ruling under such circumstances is considered a waste of judicial time and resources. *See S. Snow Mfg.*, 921 F. Supp. 2d at 566.

In the instant case, Plaintiff's motion does not set forth any manifest errors of law or fact or any newly discovered evidence that would permit this Court to alter or amend its judgment. Plaintiff spends the majority of his brief rehashing arguments that this Court has already rejected. To the extent that he seeks to introduce new arguments at this stage, the Court will not consider them. Therefore, Plaintiff is not entitled to an alteration or amendment of judgment pursuant to Rule 59(e).

Neither would Plaintiff be entitled to relief from judgment pursuant to Rule 60(b) if the Court were to evaluate his motion under that rule. In order to be eligible for relief pursuant to Rule 60(b), the petitioner must demonstrate one of the six grounds authorizing such relief, namely (1) mistake, inadvertence, surprise, or neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Plaintiff has satisfied none of these requirements and is therefore not entitled to relief from judgment pursuant to Rule 60(b).

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Relief from Judgment [Record Document 41] is hereby **DENIED**.

**THUS DONE AND SIGNED** this 25th day of June, 2019, in Shreveport, Louisiana.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE

3